**Affirmed and Memorandum Opinion filed August 14, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00750-CR

---

**ANTHONY WAYNE SONNIER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 11-CR-3102**

---

## M E M O R A N D U M   O P I N I O N

In four issues, appellant Anthony Wayne Sonnier challenges his conviction of aggravated sexual assault of a child and his sentence of thirty-five years in prison. Appellant argues that the jury charge erroneously omitted a community supervision instruction, that his attorney provided ineffective assistance on the community supervision issue, and that the trial court incorrectly denied his motion for new trial raising additional complaints of ineffective assistance of counsel. We

conclude, however, that appellant was not entitled to a community supervision instruction, that his attorney's performance regarding community supervision was not deficient, and that the trial court did not abuse its discretion in denying his motion for new trial. We therefore affirm.

## BACKGROUND

Appellant was charged with continuous sexual abuse of a young child. Tex. Penal Code Ann. § 21.02 (West 2011). A.W., the complainant, is the daughter of appellant's cousin. In July 2011, A.W. informed her mother and subsequently police officers that she had been sexually assaulted by the appellant numerous times over the course of several years. At trial, the complainant testified that the first instance occurred in 2003, when she was nearly eight years old, and that the acts continued until 2011, when she was fourteen. The complainant's mother testified regarding the relationship between herself, her daughter, and the appellant, as well as to her daughter's 2011 acknowledgement of the appellant's conduct. Her mother also testified that A.W. had previously indicated to her that the appellant was abusing her, but she had recanted the accusation the next day.

Appellant had also been charged with the sexual assault of another child in a separate case. Although appellant's trial counsel did not intend to allow the alleged victim of this extraneous offense to testify, appellant testified at trial that he had never sexually abused any child. The State argued that this statement "opened the door" to allow the other victim to testify concerning appellant's alleged sexual conduct. The trial court allowed the other victim to testify about several alleged instances of sexual contact with appellant. Appellant contends that the complainant in this case and the other victim are in collusion, but several witnesses testified that the two victims had never seen each other.

2

At the close of the guilt-innocence phase of the trial, the court instructed the jury regarding the offense of continuous sexual abuse and the lesser included offense of aggravated sexual assault of a child. A person commits the offense of continuous sexual abuse of a young child if, during a time period of thirty or more days, that person commits two or more acts of sexual abuse of a child. Tex. Penal Code Ann. § 21.02(b)(1). At the time each act is committed, the actor must be seventeen years of age or older and the victim or victims must be younger than fourteen. *Id.* § 21.02(b)(2). The offense became effective on September 1, 2007. *Id.* § 21.02; Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.17, 4.01(a), 2007 Tex. Gen. Laws 1120, 1127, 1148. A person commits the lesser included offense of aggravated sexual assault if he intentionally or knowingly causes the penetration of the sexual organ of a child younger than fourteen. Tex. Penal Code Ann. § 22.021(a)(1)(B), (a)(2)(B) (West 2011).

The jury found appellant not guilty of the continuous sexual assault charge but found him guilty of the lesser included offense of aggravated sexual assault of a child younger than fourteen. He was sentenced to thirty-five years in prison.

Appellant then obtained new counsel and filed a motion for new trial. In his motion, appellant argued that his trial counsel was ineffective for four reasons, three of which he also raises on appeal. First, appellant argued that his counsel failed to investigate the criminal background of the complainant's mother. Second, appellant asserted that his trial counsel failed to interview witnesses who could have established that there was a relationship between the complainant and the other alleged victim. Third, appellant alleged that his trial counsel failed to obtain evidence and investigate witnesses who could have demonstrated that appellant was living in Austin during part of the time period in which he was accused of committing sexual offenses against the complainant.

3

During the hearing on the motion for new trial, appellant's trial counsel was given an opportunity to respond to the allegations of ineffective assistance. He indicated his trial strategy regarding the first two allegations. First, trial counsel testified that he did not want to discuss the criminal history of the complainant's mother because he feared that an honest response by her would bolster her credibility to the detriment of appellant. Second, trial counsel indicated that he did not interview witnesses to establish the existence of a pre-trial relationship between the complainant and the other alleged victim because he wanted to minimize the amount of time that the jury focused on the other victim's story. The trial court denied the motion.

## ANALYSIS

Appellant raises four issues on appeal. In his first issue, appellant contends that the jury charge was confusing and should have included an instruction on community supervision. In his second and third issues, appellant argues for the first time on appeal that his trial counsel was ineffective because he (1) failed to object to the punishment-phase jury charge and (2) misstated the law in his closing argument. In his fourth issue, appellant contends the trial court abused its discretion when it denied his motion for new trial based on ineffective assistance of counsel. Within this issue, appellant argues that his trial counsel's performance was deficient because he (1) failed to investigate the criminal history of the complainant's mother; and (2) failed to interview and subpoena witnesses who would have (a) questioned the mother's reputation within the community, (b) established the existence of a relationship between the complainant and the other alleged victim, and (c) given concrete evidence that appellant was living in Austin during part of the time period in which appellant was accused of committing sexual offenses against the complainant. We address each of these issues in turn.

4

**I.** **Appellant was not entitled to a community supervision instruction.**

In his first issue, appellant contends that the trial court erred in not including a community supervision instruction in the jury charge. We disagree because appellant was convicted of aggravated sexual assault of a child and thus is not eligible for community supervision.

When reviewing claims of jury charge error, we use a two-step process. First, we determine whether an error actually exists in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Then, if an error exists, we determine whether it was harmful using the framework outlined in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984). *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). Under *Almanza*, the degree of harm required for reversal depends on whether an objection to the error was made at trial. If no objection was made, we will not reverse unless the error resulted in "egregious harm" such that appellant was denied a "fair and impartial trial." *Neal v. State*, 256 S.W.3d 264, 278 (Tex. Crim. App. 2008) (quoting *Almanza*, 686 S.W.2d at 171). If an objection was made at trial, however, we consider whether appellant has demonstrated "some harm" from the error. *Ngo*, 175 S.W.3d at 744.

Although appellant focuses his first issue on the lack of a community supervision instruction in the punishment-phase jury charge, his statement of facts also includes an argument regarding the guilt-phase charge on continuous sexual abuse. Appellant was found not guilty of continuous sexual abuse, and he does not explain how any error in the jury charge regarding that offense harmed him. Nevertheless, we discuss his argument regarding that charge because it provides background for our analysis of his punishment-phase issue.

As noted above, the statute creating the offense of continuous sexual abuse of a young child became effective September 1, 2007. A.W. turned fourteen on

5

October 8, 2010. Therefore, in order to convict appellant, the jury was required to find that he committed two or more acts of sexual abuse against the complainant between September 1, 2007 and October 8, 2010.

The trial court correctly charged the jury in the guilt phase that to find the defendant guilty of continuous sexual abuse of a young child, it must unanimously find that appellant committed two or more acts of sexual abuse against the complainant, over a period of thirty days or more, between September 1, 2007 and October 8, 2010. *See* Tex. Penal Code Ann. § 21.02(d). The court also included this same window of time in its instructions relating to the lesser included offense of aggravated sexual assault of a child. The charge stated that any testimony concerning offenses by appellant other than the offenses alleged against him in this case could only be considered as evidence of appellant's or the child's state of mind and of the relationship between appellant and the child.

Although appellant concedes that the time window for the continuous sexual abuse offense was correctly stated, he argues that the charge was confusing in that it informed the jurors that they were "not required to agree unanimously on which specific acts o[f] sexual abuse, if any, were committed by the defendant or *the exact dates when those acts were committed.*" (emphasis added by appellant). Appellant asserts this instruction, which was taken verbatim from section 21.02(d) of the Penal Code, had the effect of broadening the acts under consideration to include those committed in 2005 and 2006. Thus, appellant contends he was entitled to a punishment-phase instruction on community supervision under the law in effect at that time. *See* Tex. Code Crim. Proc. Ann. art. 37.07 § 2(b) (West 2006).

We disagree that the instruction had such an effect. The Court of Criminal Appeals analyzed a jury charge for continuous sexual abuse of a young child in

*Taylor v. State*, 332 S.W.3d. 483 (Tex. Crim. App. 2011), concluding that the charge is "erroneous if it presents a much broader chronological parameter than is permitted by law." *Taylor*, 332 S.W.3d at 488-489. There, the absence of an instruction focusing the jury on acts committed after the defendant turned seventeen was erroneous because the record contained evidence of sexual offenses the defendant committed before turning seventeen. Similarly, in *Martin v. State*, the Austin Court of Appeals concluded that a jury charge for continuous sexual abuse against a young child was erroneous if it lacked an instruction requiring the jurors to find that the requisite acts were committed on or after September 1, 2007. 335 S.W.3d 867, 876 (Tex. App.—Austin 2011, pet. ref'd).

The jury charge in this case, however, contains no such error and tracks the statutory language precisely. *See* Tex. Penal Code Ann. § 21.02(d). The charge informed the jury that it could only convict appellant on the basis of acts committed within the time window permitted by law even as it instructed them that jurors did not have to agree unanimously on the exact dates those acts were committed. We see nothing in the latter instruction that would suggest to a jury that it could convict appellant of continuous sexual abuse based on acts outside the time window they were told to consider. We "must assume that the jurors read and understood the [jury] charge as a whole and that they took the challenged instruction into account." *Martin*, 335 S.W.3d at 874. Moreover, appellant was ultimately convicted only of one lesser included offense of aggravated sexual assault of a child. As explained above, the jury was instructed that such an assault had to occur between September 1, 2007 and October 8, 2010, and no non-unanimity instruction was given with respect to this offense.

For these reasons, we reject appellant's argument that his conviction could be based on an act occurring before September 1, 2007, and we apply the law as of

7

that date to determine whether a community supervision instruction should have been included in the punishment-phase charge. Jury-recommended community supervision is governed by Article 42.12 section 4 of the Code of Criminal Procedure. A defendant is not eligible for community supervision if he has committed a crime listed in Article 42.12 section 3g(a)(1)(C), (E), or (H) if the victim of the offense was younger than fourteen at the time the offense was committed. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 4(d)(5) (West 2006). Appellant was convicted of aggravated sexual assault of a child younger than fourteen, which is the offense listed in section 3g(a)(1)(E). This exception to community supervision eligibility took effect on September 1, 2007. Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 1.05, 2007 Tex. Gen. Laws 1120, 1123.

In sum, the jury unanimously found that the appellant had committed an aggravated sexual assault against complainant between September 1, 2007 and October 8, 2010—a time period when she was younger than fourteen. Therefore, appellant was not eligible for jury-recommended community supervision, and the trial court did not err in omitting an instruction on community supervision from the punishment-phase charge. We overrule appellant's first issue.

## II. Trial counsel was not ineffective for failing to object to the jury charge and failing to mention community supervision in closing argument.

In his second and third issues, appellant contends that trial counsel rendered ineffective assistance because he (1) failed to object to the lack of a community supervision instruction in the punishment-phase jury charge and (2) misstated the minimum sentence for which appellant was eligible by not mentioning to the jury that appellant was eligible for community supervision. Because we have already determined that appellant was not eligible for community supervision, we hold that trial counsel did not render ineffective assistance in either respect. We therefore

overrule appellant's second and third issues.

## III. The trial court did not abuse its discretion when it denied appellant's motion for new trial.

In addition to his ineffective assistance of counsel claims raised for the first time on appeal, discussed above, appellant made several claims of ineffective assistance of counsel in his motion for new trial. In particular, appellant's motion complained that his trial counsel's performance was ineffective for three reasons that he also raises in his fourth issue on appeal. First, appellant claimed that his trial counsel failed to investigate into the criminal background and obtain the criminal record of the complainant's mother. Second, he contended that counsel failed to interview witnesses who could have established that there was a relationship between the complainant and the alleged extraneous victim. Third, he asserted that counsel failed to examine witnesses who could have demonstrated that appellant was living in Austin during some of the time period within which appellant allegedly committed the crimes.

### A. Standard of review

We review a trial court's decision on a motion for new trial for an abuse of discretion. *State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007). Under this deferential review, we reverse the trial court's decision only if the decision was clearly erroneous and arbitrary. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). Given the absence of express factual findings, we view the evidence in the light most favorable to the trial court's ruling and assume that the court made implicit findings of fact that support its ruling as long as the record supports those findings. *Hall v. State*, 283 S.W.3d 137, 165 (Tex. App.—Austin 2009, pet. ref'd). We will reverse only if no reasonable view of the record could support the trial court's ruling. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim.

App. 2006*).* We must not substitute our own judgment for that of the trial court and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009).

Through this lens of deferential review, we apply the two-pronged test for ineffective assistance of counsel outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). This test required appellant to demonstrate by a preponderance of the evidence that 1) counsel's performance was deficient because it fell below an objective standard of reasonableness (performance prong); and 2) the deficient performance caused appellant prejudice because there is a probability sufficient to undermine confidence in the outcome that but for counsel's unprofessional errors, the result of the proceeding would have been different (prejudice prong). *See id.* Appellate review of counsel's representation is "highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). We will not second-guess strategic decisions made by trial counsel unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Ex parte Harrington*, 310 S.W.3d 452, 459 (Tex. Crim. App. 2010).

Applying this standard to the three complaints appellant presses on appeal, we conclude that the trial court did not abuse its discretion in denying appellant's motion for new trial because the trial court could reasonably have found that appellant failed to prove at least one of the required elements of an ineffective assistance claim as to each complaint.

### B. Counsel's failure to investigate the criminal background of the complainant's mother did not render his performance deficient.

At trial, the complainant's mother testified regarding the relationship between herself, her daughter, and appellant, and she recounted the complainant's 2011 report of appellant's conduct. The mother also testified the complainant had previously indicated that appellant was abusing her, but the complainant recanted the accusation the next day. Appellant contends that his trial counsel did not thoroughly investigate the mother's background or allow witnesses to testify who could have questioned her reputation for truthfulness. Specifically, appellant contends that the complainant's mother could have been impeached because she had been convicted of theft, a crime involving moral turpitude.

Because this issue was raised in the motion for new trial, appellant's trial counsel had the opportunity to explain his reason for not questioning the mother about her criminal background. Trial counsel explained that although he was made aware of the mother's prior conviction for theft, he was told that it had occurred more than ten years before the trial. Given the length of time between her conviction and appellant's trial, trial counsel testified that did not want to bring up the issue of the mother's criminal history because he feared that an honest response would bolster her credibility to the detriment of his client. Because this is a plausible concern with a remote conviction, we conclude the trial court did not abuse its discretion in finding that such a strategy was not "so outrageous that no competent attorney would have engaged in it." *Harrington*, 310 S.W.3d at 459. Moreover, the evidence would likely have been inadmissible since the conviction had occurred more than ten years before the start of the trial. *See* Tex. R. Evid. 609(b) (providing that evidence of a conviction is inadmissible if more than ten years have passed since the date of conviction or release from confinement). In light of trial counsel's testimony regarding his strategy as well as the likely

11

inadmissibility of the evidence, appellant has not demonstrated that the trial court abused its discretion when it denied his motion for new trial based on this complaint.

> **C.** **There is evidence that trial counsel's decision not to seek witnesses to address the relationship between the alleged victims was based on a reasonable trial strategy.**

Likewise, we cannot say the trial court abused its discretion in denying appellant's motion for new trial on his complaint that trial counsel failed to interview witnesses who could have testified as to the existence of a relationship between the complainant and the alleged victim of an extraneous offense. As discussed above, appellant "opened the door" with respect to the testimony of the other alleged victim by stating at trial that he had never committed sexual acts against any child. This statement allowed the State to bring forward the alleged victim of the extraneous offense to rebut appellant's claim. In addition to testifying about the extraneous offense, the other victim also testified that she had no prior relationship with the complainant. Appellant claims that his motion for new trial should have been granted because two witnesses claimed, during the hearing on appellant's motion for new trial, that they were ready and able to testify during the guilt phase that there was a pre-existing relationship between the complainant and the other victim, yet trial counsel declined to put them on the stand.

During the hearing on the motion for new trial, trial counsel indicated that he had consciously considered the best method to mitigate the harm caused by the "open door." He testified that he wanted to minimize the amount of time that the jury focused on the other victim's story. He anticipated that further discussion of the extraneous offense might have bolstered the perceived validity of the two alleged victims' testimony, and that this cost outweighed any benefit that calling

12

two additional witnesses may have offered in suggesting a potentially collusive relationship between the alleged victims. Trial counsel did allow appellant to testify as to the existence of a pre-trial relationship between the alleged victims, however.

Based on this evidence, the trial court could find that it was a reasonable trial strategy to avoid focusing further attention on the other victim by calling additional witnesses to address her relationship with the complainant, especially where the jury had already heard evidence contradicting the other victim's story that she did not know the complainant. Moreover, appellant has not explained why it is reasonably probable that additional evidence of a relationship between the victims would have led to a different result. Accordingly, we hold that the trial court did not abuse its discretion by denying the motion for new trial based on this complaint.

**D.    Appellant did not show prejudice from trial counsel's failure to offer additional evidence regarding appellant's residence.**

Finally, appellant claimed at the hearing on the motion for new trial that his trial counsel was ineffective because he did not obtain certain evidence verifying that appellant lived in Austin sometime between 2001 and 2004 and did not call a potential alibi witness to testify about the time period when appellant lived in Austin. Appellant claims that trial counsel had access to material evidence demonstrating that appellant was living in Austin during the time when complainant alleged the sexual advances began. The alleged alibi witness, who did not testify at trial, testified in the hearing on the motion for new trial that appellant was living "off and on" in Austin for several years.

Trial counsel was not questioned about this complaint at the hearing on appellant's motion for new trial. Ordinarily, counsel should have an opportunity to

explain his or her actions before being held ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). We need not determine whether trial counsel's performance was deficient, however, because the trial court could reasonably have found that appellant was not prejudiced by the failure to provide further evidence of his residence during part of the time period in which he was accused of committing sexual offenses against the complainant.

At trial, appellant himself testified concerning the dates that he lived in Austin, and the State did not introduce any evidence to contradict those statements. Likewise, appellant's wife testified during trial that appellant lived in Dallas during 2010. Whether appellant lived "off and on" in Austin was never a disputed issue in this case. Moreover, the additional evidence appellant faults trial counsel for not offering would not have provided an alibi for the entire time period during which he was accused of committing the sexual abuse—between September 1, 2007 and October 8, 2010. Because the trial court could reasonably have found that it was not reasonably likely the result of the proceeding would have been different had trial counsel provided additional evidence or witnesses to show appellant lived in Austin periodically for several years, the trial court did not abuse its discretion by denying appellant's motion for new trial. We overrule appellant's fourth issue.

## CONCLUSION

Having overruled each of appellant's issues on appeal, we affirm the trial court's judgment.

/s/     J. Brett Busby
                Justice

Panel consists of Justices McCally, Busby, and Donovan.
Do Not Publish — TEX. R. APP. P. 47.2(b).

14